UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:19-cv-01821-SB-SP | Date: | 3/16/2021 |
|---|---|---|---|

| Title: | *Brotherhood Mutual Insurance Company v. Sergei Vinkov* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER DENYING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 196)

Before the Court is Defendant and Counterclaimant Sergei Vinkov's request for default judgment. Dkt. No. 196; *see also* Dkt. Nos. 211 (Opp.), 216 (Reply).

The Court **DENIES** the request for entry of default judgment. On February 4, 2021, the Clerk denied Defendant's request to enter default because an "Answer and/or Motion for Summary Judgment and/or Motion to Dismiss" was "on file." Dkt. No. 177. Absent "a properly entered default" against Plaintiff, Defendant has not "satisfied the procedural requirements for default judgment." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Moreover, "granting or denying relief is entirely within the court's discretion," *id.*, and the active and ongoing participation by Plaintiff in this litigation and the possibility of a decision on the merits in the near future weigh strongly against entry of default judgment, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986).

It appears that Defendant seeks default judgment as a form of terminating sanctions. Dkt. No. 196-2 (Memo.) at 31 (arguing Plaintiff's "culpable conduct

leads to the entry of default judgment against it"). But Defendant has not made a colorable showing that Plaintiff has undertaken any conduct worthy of sanction, much less the extraordinary sanction of a default judgment. *Lal v. California*, 610 F.3d 518, 525 (9th Cir. 2010) (default judgments are "appropriate only in extreme circumstances").

Finally, Plaintiff's counsel offered a brief declaration in opposition to Defendant's request. Dkt. No. 211. The declaration notes Plaintiff has declined to move for sanctions, but requests "that the court issue any order it believes appropriate . . . to manage the litigation" and cause Defendant "to cease and desist filing frivolous pleadings." *Id.* The Court agrees that this motion appears to be frivolous and that Defendant has been submitting numerous and often wholly meritless filings. ***Defendant is advised that any future filing must comply with Rule 11 of the Federal Rules of Civil Procedure (which applies to unrepresented litigants)***.

- The Court has attached a copy of Rule 11 to this order, and Defendant is ordered to read it fully and carefully.

- Before filing any ex parte application, motion, petition, or other document seeking any form of relief, Defendant is ordered to comply with Local Rule 7-3 by meeting and conferring with opposing counsel.  If the anticipated filing violates Rule 11, opposing counsel shall set forth in writing why the anticipated filing is frivolous or otherwise violates Rule 11.

- If Defendant elects to file the application, motion, petition, or document seeking relief, and opposing counsel has a good-faith belief that the filing violates Rule 11, Plaintiff is free to file a motion seeking appropriate sanctions.

***Defendant is further advised that his failure to comply with Rule 11 in future filings will result in appropriate sanctions***, ***which may include monetary sanctions or other appropriate non-monetary sanctions***.

**IT IS SO ORDERED**.

# ATTACHMENT

## Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions

**(a) Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**(c) Sanctions.**

**(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

**(2)** *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

**(3)** *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

**(4)** *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

**(5)** *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

**(A)** against a represented party for violating Rule 11(b)(2); or

**(B)** on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

**(6)** *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

**(d) Inapplicability to Discovery.** This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.